INMAN *v.* SKELTON ET AL.

[No. 13,563. Filed October 3, 1929.]

*Corwin & Gillen,* for appellant.

*Jacob S. White, Burrell Wright* and *Edward J. Boleman,* for appellees.

ENLOE, J.—Prior to June 1, 1928, the appellee Delta Tau Delta Home Association was the owner of certain real estate in Greencastle, Indiana. Being desirous of having the ground cleared preparatory to building a new home, it caused to be inserted in the issue of May 25, 1928, of the Greencastle Banner, the following:

*"Notice to Bidders.*

"The undersigned will receive sealed bids up to and including June 1, 1928, at 12 o'clock noon as follows:

"1. For the building situated on the Northeast Corner of Seminary Street and Taylor Place, and known as

'the *Delta Tau Delta Fraternity House.*' The same to be removed, including foundations, and ground cleared within 30 days from June 1, 1928.

"2. For bath outfits, lavatories and plumbing in said building.

"3. For heating plant in same.

"Bidders may submit bid on any or all of the above items. Right to reject any and all bids reserved. Successful bidders will be required to enter into contract and give bond unless covered by compensation insurance. All bids to be presented to *John Cartwright,* Secretary, Delta Tau Delta Home Association, 16 West Washington Street, Greencastle."

The evidence discloses that the building in question was a large frame building of 10 rooms, which had been used as a fraternity house, and that after the above advertisement was made, the appellee Skelton filed his bid of $150 for the building, and, on his bid being accepted, he gave to the fraternity his check for that amount and proceeded to wreck the building and clean the grounds in compliance with his contract. The appellant herein was employed by Skelton to assist in the work of tearing down and removing said building, and, while so working, received a compensable injury, for which he filed his claim. Upon the hearing before the full board, there was an award of compensation as against appellee Skelton but compensation was denied as against appellee fraternity, hence this appeal.

The one question for decision in this case is: Was Skelton, in the doing of this work, a contractor, doing work for the appellee fraternity, or was he engaged in the doing of his own work, in the doing of which appellant was one of his employees, his servant?

As we interpret this transaction, it was one of sale. In effect, it was as if Skelton had said: "For this house I will give you $150 cash, and I will also remove all ma-

terials from this ground and clean the same of all debris within thirty days." To our minds, the transaction was clearly, as between Skelton and said fraternity, one of sale and not one of employment, and it was not, therefore, within the provisions of §68 of our compensation act (§9513 Burns 1926).

The award is affirmed.